UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUAN LUNA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LINDA MOOD, et al.,<br><br>　　　　　Defendants. | Case No.  2:24-cv-01199-JAD-EJY<br><br>**AMENDED ORDER** |

Pending before the Court is Plaintiff Juan Luna's application to proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 1, 4. The IFP application is granted. The Complaint is allowed to proceed in part and is dismissed in part without prejudice and with leave to amend.

**I.     Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act, a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915

when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Further, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than [mere] conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on

fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Discussion**

Plaintiff asserts an Eighth Amendment violation based on Defendants alleged failure to properly address a letter so that Plaintiff "would have to go straight to the Mexico jail" because he would not have documentation of his right to remain in the U.S.  ECF No. 1 at 6.  Plaintiff further states this was discriminatory conduct on the basis of his national origin-Mexican and a violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff fails to state an Eighth Amendment claim.  Plaintiff also fails to state an Equal Protection claim against Defendant Stutzman.  Plaintiff's Equal Protection claim against Defendant Mood may proceed.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "The Eighth Amendment prohibits cruel and unusual punishment in penal institutions."  *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012).  Whether a specific act constitutes cruel and unusual punishment is measured by "the evolving standards of decency that mark the progress of a maturing society."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).  Here, Plaintiff asserts no allegations regarding medical needs or the response to those needs.  He alleges no failure to act or actions relating to such needs.  As such, Plaintiff does not state an Eighth Amendment claim.

To state a violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an "intent or purpose to discriminate against the plaintiff based upon membership in a

protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).  That is, a plaintiff must show that the defendant acted in a "discriminatory manner" and that the discrimination was "intentional." *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 948 (9th Cir. 2003).  "Intentional discrimination" means that a defendant acted "at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003).

Plaintiff alleges he asked Linda Mood to send personal documents to his home, but that due "to deliberate indifference and discrimination and racists [sic] to Mexicans … [she] purposely wrote down the wrong address so [that] Plaintiff" would go directly to a Mexican jail.  Plaintiff further alleges that, through the grievance procedure he submitted a grievance to Tim Stutzman "Chief of Unit Manager[s]" who responded to the grievance that it was Plaintiff who completed the envelope to which the mail was to be sent.

To the extent Plaintiff is attempting to hold Defendant Stutzman responsible for discriminatory conduct, Plaintiff fails to state a claim as only those individual officials who actually engaged in unlawful conduct can be held liable. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) (holding personal participation required for finding of supervisorial liability based on alleged constitutional violations).  Further, failure of Defendant Stutzman to properly process Plaintiff's grievance does not state either a cognizable Eighth or Fourteenth Amendment claim.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988)).  Due process is not violated simply because a defendant fails to process grievances submitted for consideration.  *See id*.; *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison grievance procedure "does not confer any substantive right upon the inmates" and thus "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.").  For these reasons the Court dismisses Plaintiff's claims against Defendant Stutzman without prejudice and with one opportunity to amend to state a viable claim.

With respect to Plaintiff's claims against Defendant Mood, Plaintiff alleges he was singled out by Ms. Mood because he is Mexican. Plaintiff says the conduct was intentional in an effort to prevent Plaintiff from obtaining documentation demonstrating he should not be sent to Mexico. The Court could find no case law recognizing the failure to properly address an envelope, even if intentional, being sent by a prisoner to his home—as opposed to the courts—as one stating a constitutional claim. However, the Court finds Plaintiff alleges facts sufficient (albeit this is a close call) to state a violation of equal protection based on a class of one. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (facts sufficient to state a plausible "class of one" claim include that the plaintiff was intentionally discriminated against as a member of a protected class or was intentionally treated differently from others similarly situated, without a rational basis for the different treatment.).

### III.    Order

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No.4) is GRANTED. Plaintiff is **not** required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefore.

IT IS FURTHER ORDERED that Plaintiff's Equal Protection Clause claim alleged against Linda Mood may proceed.

IT IS FURTHER ORDERED that under 28 U.S.C. § 1915, the Nevada Southern Detention Center will forward payments from the account of **JUAN LUNA, #54269048,** to the Clerk of the United States District Court, District of Nevada, at a rate of 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $402 filing fee has been paid for this action. The Clerk will send a copy of this Amended Order to the Finance Division of the Clerk's Office. The Clerk will also send a copy of this Amended Order to the **Nevada Southern Detention Center Accounting Supervisor, 2190 East Mesquite Ave., Pahrump, NV 89060.**

IT IS FURTHER ORDERED that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915.

IT IS FURTHER ORDERED that the Clerk of the Court must electronically **SERVE** a copy of this Amended Screening Order and Plaintiff's Complaint (ECF No. 1) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

IT IS FURTHER ORDERED that within 21 days of the entry of this Amended Screening Order, the Attorney General's Office must file a notice advising the Court and Plaintiff whether the Office accepts service on behalf of Ms. Mood. If the Attorney General's Office does not accept service, it **must** file Ms. Mood's last-known-address, under seal.

IT IS FURTHER ORDERED that if service cannot be accepted for Ms. Mood, Plaintiff **must** file a motion requesting issuance of a summons and specifying a full name and address for this defendant.

IT IS FURTHER ORDERED that if the Attorney General's Office accepts service of process for Ms. Mood, such defendant must file and serve an answer or other response to the Complaint (ECF No. 1) within 60 days from the date of this Amended Order.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Stutzman are dismissed without prejudice. If he chooses to do so, Plaintiff has through and including **October 31, 2024** to file an amended complaint to attempt to state claims against Defendant Stutzman. The amended complaint **must** state all claims Plaintiff wishes to bring against all Defendants (including those against Defendant Linda Mood) he seeks to sue. Plaintiff is advised that if he files an amended complaint, that amended complaint will supersede (essentially nullify) Plaintiff's original Complaint and nothing in the original Complaint (even the claim the Court has allowed to go forward in this Order) will continue to be an active claim if it is not asserted in an amended complaint.

IT IS FURTHER ORDERED that if Plaintiff does not file an amended complaint, the original Complaint will be the operative complaint and Plaintiff's claim against Defendant Linda Mood will proceed in litigation.

Dated this 2nd day of October, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE